PHILIP J. KAPLAN (State Bar No. 135735)
philipkaplanlaw@gmail.com
**LAW OFFICES OF PHILIP J. KAPLAN**
Email:  philipkaplanlaw@gmail.com
3278 Wilshire Boulevard, Suite 106
Los Angeles, California 90010
Telephone: (213) 480-8981

Attorney for Plaintiff
DARRELL SHEFFIELD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL SHEFFIELD, an individual,<br><br>　　　Plaintiff,<br><br>　v.<br><br>COUNTY OF SAN BERNARDINO; ALVARO ZAVALA, an individual; and DOES 1 through 5, inclusive,<br><br>　　　Defendants. | Case No. 5:22-cv-1477<br><br>**COMPLAINT FOR DAMAGES FOR DEPRIVATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983 (EXCESSIVE FORCE); INTERFERENCE WITH THE EXERCISE OF CIVIL RIGHTS IN VIOLATION OF THE BANE ACT (CIVIL CODE § 52.1); BATTERY; AND NEGLIGENCE**<br><br>**DEMAND FOR JURY TRIAL** |

LAW OFFICES OF
PHILIP J. KAPLAN

COMPLAINT
Case No.


Plaintiff Darrell Sheffield (hereinafter "Plaintiff") hereby alleges as follows:

## **PARTIES**

1.  Plaintiff alleges that Defendant County of San Bernardino (hereinafter sometimes "County") provides law enforcement through the San Bernardino County Sheriff's Department.

2.  Plaintiff is informed and believes and thereon alleges that Defendant Alvaro Zavala (hereinafter sometimes "Deputy Zavala") is, and at all relevant times was, an "employee" of the San Bernardino County Sheriff's Department and County in accordance with California Government Code Section 810.2 with the rank of "Deputy", and a "person" acting under the color of law within the meaning of 42 U.S.C. Section 1983.

3.  Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1 through 5, inclusive, and therefore sues these Defendants by such fictitious names.  Plaintiff will amend this complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences alleged in this complaint, and that Plaintiff's damages as alleged were proximately and legally caused by the Defendants' conduct.  At all times material herein, each Defendant was the agent, servant, and employee of each of the remaining Defendants, and acting within the purpose, scope, and course of said Agency, service, and employment, with the express and/or implied knowledge, permission, and consent of the remaining Defendants, and each of them, and each of said Defendants ratified and approved the acts of Defendants.

## **JURISDICTION/VENUE**

4.  Jurisdiction of this court is founded upon 42 U.S.C. Section 1983.  This court has pendent jurisdiction over the California State law claims, pursuant to 28 U.S.C. Section 1367.  Venue is proper pursuant to 28 U.S.C. Section 1400(a),

because the defendants or their agents reside or may be found within this district and because defendants transact business, including the alleged tortious acts, within this district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Plaintiff has exhausted his administrative remedies by timely filing a governmental tort claim in accordance with California Government Code Section 910 et seq. Notice of rejection was served by mail, dated March 10, 2022, by the Department of Risk Management, San Bernardino County. This action was timely filed in accordance with California Government Code Section 945.6.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

6. On August 31, 2021, Defendant Alvaro Zavala reported to a call from a private residence located in Twentynine Palms, California.

7. At a point in time and in the vicinity of the residence, Plaintiff Sheffield was taken into custody, handcuffed, and placed into a San Bernardino County Sheriff's Department patrol vehicle.

8. After being placed into the patrol vehicle, and while handcuffed, Plaintiff alleges that Deputy Zavala pulled Plaintiff out of the patrol vehicle by Plaintiff's feet/ankles, causing Plaintiff to strike the roadway (asphalt) face down. Because Plaintiff was handcuffed, Plaintiff was unable to brace himself against the fall.

9. After being pulled out of the patrol vehicle, Plaintiff further alleges that Deputy Zavala twisted and bent Plaintiff's right arm with great force.

10. Among other injuries sustained by Plaintiff, Plaintiff's two front teeth were knocked out, his face and mouth were injured, and Plaintiff sustained a coronoid process fracture to his right elbow. Plaintiff's dominant's hand is his right hand.

# FIRST CAUSE OF ACTION FOR DAMAGES FOR DEPRIVATION OF CIVIL RIGHTS UNDER 42 U.S.C. SECTION 1983

### (Against Defendant Alvaro Zavala for Excessive Force – Fourth Amendment of United States Constitution)

11. Plaintiff hereby adopts, incorporates, and reiterates all of the preceding allegations of this complaint.

12. Plaintiff alleges that he possessed the right, guaranteed by the Fourth Amendment of the United States Constitution, to be free from unreasonable seizures and excessive force. The Fourth Amendment, made applicable to the states by the Fourteenth Amendment, ensures the rights of individuals to be free from unreasonable searches and seizures. Plaintiff further alleges that Defendant Deputy Zavala had knowledge, at all relevant times, of the above rights under the Constitution.

13. Plaintiff alleges that the use of force, including, without limitation, Deputy Zavala's grabbing his legs/feet and dragging Plaintiff out of the patrol vehicle, causing Plaintiff to fall face-down onto asphalt and, thereafter, grabbing/torqueing Plaintiff's arm, was not justified under the circumstances and was excessive. Plaintiff alleges that there was no threat or danger to public safety, including Plaintiff's own safety, justifying the extreme use of force employed by Deputy Zavala—which he used without any prior warnings and/or verbal commands. Plaintiff alleges that Deputy Zavala's conduct was either willful or was done with deliberate indifference to Plaintiff's rights; therefore, such conduct was not objectively reasonable, as more fully set forth below.

### *No Qualified Immunity*

14. At the time of the above use of force, the contours of the law concerning reasonable use of force in similar circumstances, including without

limitation stops and/or detentions and situations where a suspect has been handcuffed and is located within a patrol vehicle, were clearly established.

15. Plaintiff further alleges that, at the time of Defendant Deputy Zavala's actions, which conduct was either willfully or done with deliberate indifference to Plaintiff's rights, such conduct was not objectively reasonable, and a reasonable official in those circumstances would understand that what he/she was doing violated the law. Specifically, under the circumstances of the instant case, Plaintiff alleges that a reasonable officer would have understood that there was no justification to grab a suspect (especially while handcuffed) and pulling that suspect out of patrol vehicle, so that suspect would land on a hard surface, face-down, and, afterwards, grabbing/torqueing that suspect's arm. Plaintiff alleges that Deputy Zavala gave no warnings. Zavala gave no verbal commands. Instead, Plaintiff alleges that Zavala physically grabbed Plaintiff, pulled him out of the patrol vehicle, and, thereafter, grabbed Plaintiff's right arm and twisted it with force.

16. As a direct and proximate result of Deputy Zavala's conduct, as alleged above, Plaintiff has suffered and continues to suffer physical injuries and special and general damages, including without limitation physical and emotional pain and suffering, mental anguish, and loss of enjoyment of life, in an amount according to proof.

17. Plaintiff is further informed, believes, and thereon alleges that the above-described acts of Defendant Zavala, depriving Plaintiff of his constitutionally protected rights, privileges, and immunities, were done with evil motive or intent, or with reckless or callous indifference to Plaintiff's rights. Accordingly, Plaintiff seeks an award of punitive damages against Deputy Zavala.

## SECOND CAUSE OF ACTION FOR INTEREFERENCE WITH THE EXERCISE OF CIVIL RIGHTS IN VIOLATION OF THE BANE ACT [CALIFORNIA CIVIL CODE § 52.1]

**(Against Defendants Alvaro Zavala and San Bernardino County)**

18. Plaintiff hereby adopts, incorporates, and reiterates all of the preceding allegations of this complaint.

19. Under the Bane Act, it is unlawful for a person or persons, whether or not acting under color of law, to interfere by threat, intimidation, or coercion, or "attempt" to interfere by threat, intimidation, or coercion, with the exercise or enjoyment of one's rights secured by the Constitution or laws of the State.

20. Plaintiff alleges that Defendant Zavala and County violated his rights under the Bane Act when Zavala exerted excessive force, by violently grabbing him, pulling him out of the patrol vehicle, and, thereafter, by grabbing and twisting Plaintiff's right arm, without any warning and without any justification, as more fully set forth herein.

21. Plaintiff alleges that Zavala applied excessive force with the specific intent of depriving Plaintiff of his right under the Fourth Amendment of the Constitution to be free of unlawful seizures.

22. Plaintiff alleges that Zavala further attempted to interfere, by threat, intimidation, and coercion, with Plaintiff's right under the Fourth Amendment (against unlawful seizure), when Zavala, Plaintiff alleges, falsely accused Plaintiff of resisting arrest and by creating the false narrative that Zavala's use of force was justified by Plaintiff's non-compliance.

23. Plaintiff alleges that, as a direct and proximate result of the above, he has sustained damages for physical injuries, pain and suffering, emotional distress, humiliation, embarrassment, and mental anguish, in an amount according to proof. Plaintiff further alleges that he is entitled to recover treble damages against Defendants, pursuant to California Civil Code Section 52.1(c).

24. Plaintiff further alleges that Defendant Zavala was guilty of malice and oppression as defined under California Civil Code Section 3294, and Plaintiff should recover, in addition to actual damages, punitive damages to make an example of and to punish Defendant Zavala.

### THIRD CAUSE OF ACTION FOR DAMAGES FOR BATTERY

**(Against Defendants Alvaro Zavala and County)**

25. Plaintiff hereby adopts, incorporates, and reiterates all of the preceding allegations of this complaint.

26. Plaintiff alleges that Zavala pulled Plaintiff from the patrol vehicle and, thereafter, grabbed and torqued his right arm with intent to harm or offend.

27. Plaintiff alleges that he did not consent to the physical contact by Zavala.

28. Plaintiff was harmed by Zavala's physical contact, as more fully set forth above, which was the proximate cause of Plaintiff's injuries and damages herein.

29. A reasonable person in Plaintiff's position would have been offended by Zavala's nonconsensual physical contact.

30. Defendant County is liable for the above actions of its employee, Deputy Zavala, pursuant to California Government Code Section 815.2(a).

31. Plaintiff further alleges that Defendant Zavala was guilty of malice and oppression as defined under California Civil Code Section 3294, and Plaintiff should recover, in addition to actual damages, punitive damages to make an example of and to punish Defendant Zavala.

# FOURTH CAUSE OF ACTION FOR DAMAGES FOR NEGLIGENCE

**(Against Defendants Alvaro Zavala and County)**

32. Plaintiff hereby adopts, incorporates, and reiterates all of the preceding allegations of this complaint.

33. Plaintiff alleges that Deputy Zavala owed a duty to him and breached that duty.

34. Defendant Zavala was negligent by taking the actions described above.

35. Plaintiff was harmed as a result.

36. As a direct and proximate result of Zavala's negligence, Plaintiff suffered harm, as more fully described above.

37. Defendant County is liable for the above actions of its employee, Deputy Zavala, pursuant to California Government Code Section 815.2(a).

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For compensatory damages (both special and general damages) according to proof;

2. For treble damages, pursuant to California Civil Code Section 52.1(c);

3. For pain and suffering (past and future), as well as mental anguish damages;

4. For punitive damages against Defendant Alvaro Zavala (excluding Defendant County);

5. For attorneys' fees pursuant to 42 U.S.C. Section 1988 and California Civil Code Section 52.1(i);

6. For prejudgment interest;

7. For costs of suit incurred herein; and

8. For such other and further relief as this court may deem just and proper.

DATED: August 22, 2022

LAW OFFICES OF PHILIP J. KAPLAN

**By */s/Philip J. Kaplan*** 
Philip J. Kaplan
Attorney for Plaintiff
DARRELL SHEFFIELD

COMPLAINT
Case No.

-8-

# **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial in this action pursuant to Federal Rules of Civil Procedure, Rules 38 and 81.

Dated: August 22, 2022                LAW OFFICES OF PHILIP J. KAPLAN

*/s/Philip J. Kaplan*
PHILIP J. KAPLAN
Attorney for Plaintiff
DARRELL SHEFFIELD